John D. Bennett. S.
In this proceeding under section 211-b of the Surrogate’s Court Act, the validity of the claim of the Department of Mental Hygiene is in issue.
The testatrix died on December 16, 1963 leaving a daughter, Louise, a patient in the Kings Park State Hospital. The date this daughter entered the hospital is unknown but on March 6, 1952, a special agent of the Department of Mental Hygiene wrote the testatrix to the effect that although the actual cost of hospitalization for her daughter was $85 per month, they were willing to accept $12 per month toward this cost, but reserved the right under the statute to eventually file a claim against the mother’s estate. The mother, the testatrix herein, having died, the department has filed a claim for $5,376.67 for the period from March 6, 1952 through December 16, 1963.
The executor contends this claim is without basis in law as the statute which .authorized such claims in 1952 was amended in 1956 and deleted parents as parties who could be held liable for the differential between the actual cost of hospitalization and maintenance and the amount set by the Commissioner.
Prior to 1956 the last sentence of subdivision 1 of section 24 of the Mental Hygiene Law read as follows: ‘' The commissioner in his discretion may accept payments for such services at less *650 than the reimbursement rate but the acceptance of payments at less than the reimbursement rate shall not be construed to release the liable parties from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rate.” By chapter 809 of the Laws of 1956, the Legislature amended this section by deleting from this sentence the words “ the liable parties ” and in place thereof inserting the words ' ‘ a patient, his estate, committee or guardian, or the trustee of a trust fund established for his support, or any fiduciary or payee or funds for and on behalf of a patient.”
The memorandum of the Department of Mental Hygiene submitted to the Governor following the passage of the ¡bill by the Legislature in 1956, stated that there were strong factors of equity in favor of amending this section to remove the authority to assess a differential claim against the estates of liable relatives, retaining only the authority to assess such differential claims against the patient or Ms estate, and the department recommended that the bill be signed.
Governor Harriman, on signing this bill into law, issued a statement in explanation. He stated that no longer would parents -of a patient remain liable for the differential payment; that only the patient or Ms estate would remain liable, and that the amendment had been worked out with the Commissioner of Mental Hygiene and the Budget Director with representatives of the Joint Legislative Committee on Mental Retardation and the Association for the Help of Retarded Children.
It is the contention of the department that statutes are presumed to furnish rules for future action only unless there is an actual or implied intent to make it retroactive (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51). It also contends that the amendment is specifically limited to those cases where the parent agreed with the department to pay a set amount less than the actual cost of maintenance, but that in the present instance the parent agreed to pay the full cost of her daughter’s maintenance ais indicated by the department’s letter to her of March 6, 1952.
The meaning and intent of the amendment of 1956 is unmistakable in that the Legislature, on the recommendation of the department and the concurrence of the Governor, removed a situation which they found worked a hardship against the estates of parents of children in State institutions. In Goldstein v. State of New York (175 Misc. 114 [1940]), at page 117, it was said: "' Generally, retrospective laws are unconstitutional if they disturb or destroy existing or vested rights, including rights embodied in judgments or judicial decisions * * * *651 The State may constitutionally pas,s retrospective laws waiving or impairing its own rights, or those of its instrumental subdivisions ; and it may impose upon itself or its subdivisions new liabilities with respect to transactions already past.’ ” This principle was recognized in Rieseberg v. State of New York (40 Misc 2d 676 [1963]).
It is the opinion of this court that the legislative intent in enacting the aforesaid 1956 amendment was to remove all liability, past, present and future, of parents for the differential between the actual cost of maintenance and hospitalization of a child in a State institution and the lesser payment set by the Commissioner. The contention that the mere sending of the letter of March 6,1952 to the testatrix was an agreement on her part to pay any differential has no merit. The claim of the Department of Mental Hygiene is accordingly dismissed.